## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DELCOR ASSET CORPORATION and  )
MYLAN PHARMACEUTICALS INC.,     )
                                )
          Plaintiffs,           )
                                )    C.A. No. _____
     v.                         )
                                )
GLENMARK PHARMACEUTICALS        )
LIMITED, GLENMARK               )
PHARMACEUTICALS INC., USA and   )
STIEFEL WEST COAST, LLC,        )
                                )
          Defendants.           )

## COMPLAINT

Plaintiffs Delcor Asset Corporation and Mylan Pharmaceuticals Inc. (collectively, "Delcor" or "Plaintiffs"), by their attorneys, for their Complaint against Defendants Glenmark Pharmaceuticals Limited ("Glenmark Ltd.") and Glenmark Pharmaceuticals Inc., USA ("Glenmark USA") (Glenmark Ltd. and Glenmark USA are collectively referred to herein as "Glenmark"), and Involuntary Party Stiefel West Coast, LLC ("Stiefel"), allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 6,730,288 ("the '288 patent") arising under the Patent Laws of the United States, Title 35, United States Code, Sections 100 *et seq*. This action relates to Abbreviated New Drug Application ("ANDA") No. 211450, filed by Glenmark with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Olux-E® (clobetasol propionate aerosol, foam 0.05%) prior to the expiration of the '288 patent.

## THE PARTIES

2.      Plaintiff Delcor Asset Corporation is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317.

3.      Plaintiff Mylan Pharmaceuticals Inc. is a company organized and existing under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

4.      On information and belief, Involuntary Party Stiefel is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 3160 Porter Drive, Palo Alto, California 94304. On information and belief, Stiefel has a registered agent in Delaware, which agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.      Stiefel has been joined as an involuntary party in this action, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926) ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as co-plaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."); *AsymmetRx, Inv. v. Biocare Med.*, 582 F.3d 1314, 1322 (Fed. Cir. 2009) ("A patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant . . . ."); *Int'l Rediscount Corp. v. Hartford Accident & Indem. Co.*, 425 F. Supp. 669, 674-75 (D. Del. 1997) ("An involuntary plaintiff is a party who is obligated to assist in prosecuting an action or to permit its name to be used but refuses to do so and who is thereafter joined . . . If a party is subject

to service, however, it is not joined as an 'involuntary plaintiff.' Rather, it is served, joined as a defendant, and then realigned by the Court in the 'character which [it] should assume.'").

6.      On information and belief, Stiefel is subject to service in Delaware because it is registered to do business in the State of Delaware as a Limited Liability Company and has a registered agent in Delaware for service of process. After Stiefel has been served with the complaint, Plaintiffs will respectfully request that the Court realign Stiefel as a co-plaintiff pursuant to *Independent Wireless*, *AsymmetRx*, and *Int'l Rediscount*.

7.      On information and belief, Defendant Glenmark Ltd. is a company organized and existing under the laws of India, with its principal place of business at Glenmark House, B. D. Sawant Marg, Chakala, Off Western Express Highway, Mumbai 400 099, Maharashtra, India. On information and belief, Glenmark Ltd. developed and owns ANDA No. 211450.

8.      On information and belief, Defendant Glenmark USA is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 750 Corporate Drive, Mahwah NJ 07430. On information and belief, Glenmark USA is the authorized U.S. agent for ANDA No. 211450. On information and belief, Glenmark USA and Glenmark Ltd. collaborate to develop, manufacture, and market pharmaceutical products in the United States.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. §§ 2201 and 2202.

10.      Stiefel, which is a limited liability company organized and existing under the laws of the State of Delaware is subject to personal jurisdiction.

11.      Glenmark USA, which is a corporation organized and existing under the laws of the State of Delaware is subject to personal jurisdiction.

12.     Glenmark Ltd., which is organized and existing under the laws of India, with its principal place of business at Glenmark House, B. D. Sawant Marg, Chakala, Off Western Express Highway, Mumbai 400 099, Maharashtra, India, is subject to personal jurisdiction.

13.     Venue is proper in this judicial district.

## THE PATENT-IN-SUIT

14.     The '288 patent, titled "Mousse Composition," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on May 4, 2004. A true and correct copy of the '288 patent is attached as Exhibit A.

15.     As set forth in greater detail in the '288 patent, the claims of the '288 patent, incorporated by reference herein, are directed to, *inter alia*, pharmaceutical compositions containing clobetasol propionate and other components such as an occlusive agent.

16.     Stiefel is the assignee of the '288 patent.

17.     Delcor Asset Corporation is the exclusive licensee of the '288 patent.

18.     Mylan Pharmaceuticals Inc. is the holder of approved New Drug Application No. 022013 for clobetasol propionate aerosol, foam 0.05% (the "Olux-E® NDA"), which is marketed under the name Olux-E® in the United States.

19.     Olux-E® is indicated for the treatment of inflammatory and pruritic manifestations of corticosteroid-responsive dermatoses. The approved usage of Olux-E® is described in the Olux-E® Prescribing Information.

20.     The '288 patent is listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluation" (the "Orange Book") as covering Olux-E® and its approved uses.

## ACTS GIVING RISE TO THIS ACTION

21. In a letter dated February 8, 2018 purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Notice Letter"), Glenmark notified Mylan Pharmaceuticals Inc. and Stiefel that it had submitted ANDA No. 211450 to the FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A) seeking approval to engage in the commercial manufacture, use, or sale of its proposed clobetasol propionate aerosol, foam 0.05% (the "ANDA Product"), as a generic version of Olux-E® in/into the United States, prior to the expiration of the '288 patent.

22. In the Notice Letter, Glenmark notified Plaintiffs that ANDA No. 211450 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '288 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, or importation of the ANDA Product in/into the United States ("Paragraph IV Certification").

23. On information and belief, the active ingredient of the ANDA Product is clobetasol propionate, which is the same active ingredient in Olux-E® and the same active ingredient used in the compositions described in one or more claims of the '288 patent.

24. On information and belief, Glenmark asserts in ANDA No. 211450 that the ANDA Product is bioequivalent to Olux-E®, refers to and relies upon the Olux-E® NDA, and contains data that, according to Glenmark, demonstrate the bioequivalence of the ANDA Product to Olux-E®.

25. Glenmark is seeking approval to market the ANDA Product for the same Approved Indication as Olux-E®.

26. Glenmark is seeking approval to market the ANDA Product for the treatment of inflammatory and pruritic manifestations of corticosteroid-responsive dermatoses.

27.    Glenmark had knowledge of the '288 patent when it submitted and filed ANDA No. 211450.

28.    On information and belief, Glenmark intends to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the ANDA Product in/into the United States promptly upon receiving FDA approval and prior to the expiration of the '288 patent.

29.    On information and belief, Glenmark intends to and will actively induce infringement of the '288 patent upon receiving FDA approval of ANDA No. 211450 and prior to the expiration of the '288 patent.

30.    On information and belief, Glenmark will commercially manufacture, use, offer for sale, and/or sell the ANDA Product throughout the United States, import the ANDA Product into the United States, and/or induce and/or contribute to such acts promptly upon receiving FDA approval to do so and during the term of the '288 patent.

31.    On information and belief, Glenmark will knowingly accompany the ANDA Product with prescribing information that will contain instructions for use that substantially copy the instructions for Olux-E®.

32.    On information and belief, Glenmark's prescribing information for the ANDA Product will instruct users to administer the ANDA Product to treat patients with inflammatory and pruritic manifestations of corticosteroid-responsive dermatoses.

33.    On information and belief, Glenmark has knowledge and/or an expectation that the ANDA Product will be used in accordance with its prescribing information.

34.    On information and belief, Glenmark knows that the prescribing information that will accompany the ANDA Product will induce and/or contribute to others using the ANDA Product in the manner set forth in the prescribing information.

6

35. On information and belief, Glenmark knows that the ANDA Product is especially made or adapted for use in a way that would infringe the '288 patent and is not suitable for substantial non-infringing use. On information and belief, Glenmark knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '288 patent.

36. An actual case or controversy exists between Delcor and Glenmark with respect to infringement of the '288 patent.

37. This action is being commenced within 45 days of receipt of the Notice Letter.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,730,288

38. Delcor repeats and realleges the allegations of paragraphs 1-37 as if fully set forth herein.

39. Glenmark's submission of ANDA No. 211450 containing a Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the ANDA Product in/into the United States prior to the expiration of the '288 patent constitutes infringement of one or more claims of the '288 patent under 35 U.S.C. § 271(e)(2)(A).

40. Glenmark had knowledge of the '288 patent when it submitted ANDA No. 211450. Glenmark's infringement has been, and continues to be, deliberate.

41. Plaintiffs will be substantially and irreparably harmed if Glenmark's infringement of the '288 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

42. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants an award of Plaintiffs' reasonable attorney fees.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A judgment declaring that Glenmark has infringed one or more claims of the '288 patent by the filing of ANDA No. 211450;

(b)    A judgment declaring that Glenmark's manufacturing, using, selling, offering for sale, and/or importing the ANDA Product in/into the United States will infringe one or more claims of the '288 patent;

(c)    A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 211450 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the expiration date of the '288 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(d)    Injunctive relief preliminarily and permanently enjoining Glenmark, whether alone or through a subsidiary company, from making, using, selling, offering for sale, or importing the ANDA Product in/into the United States until after the expiration of the '288 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(e)    A permanent injunction restraining and enjoining Glenmark, whether alone or through a subsidiary company, from making, using, selling, offering for sale, and/or importing a pharmaceutical composition as claimed in the '288 patent, or from actively inducing or contributing to the infringement of any claim of the '288 patent, until after the expiration of the '288 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(f)    A Declaration that the commercial manufacture, use, sale, offer for sale, and importation in/into the United States of the ANDA Product will directly infringe, induce, and/or contribute to infringement of the '288 patent;

8

(g)     Damages, which this Court should treble pursuant to 35 U.S.C. § 284, if Glenmark, whether alone or through a subsidiary company, infringes the '288 patent by engaging in the commercial manufacture, use, sale, offer for sale, or importation of the ANDA Product in/into the United States prior to the expiration of the '288 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(h)     An award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(i)     Costs and expenses in this action; and

(j)     Such further and other relief as this Court may deem just and proper.

Respectfully submitted,

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Deepro R. Mukerjee                         By:  */s/ David E. Moore*
Lance Soderstrom                                David E. Moore (#3983)
ALSTON & BIRD LLP                               Bindu A. Palapura (#5370)
90 Park Avenue, 15th Floor                      Stephanie E. O'Byrne (#4446)
New York, NY 10016                              Hercules Plaza, 6th Floor
Tel: (212) 210-9400                             1313 N. Market Street
                                                Wilmington, DE  19801
Jitendra Malik, Ph.D.                           Tel:  (302) 984-6000
ALSTON & BIRD LLP                               dmoore@potteranderson.com
555 Fayetteville Street, Suite 600              bpalapura@potteranderson.com
Raleigh, NC  27601                              sobyrne@potteranderson.com
Tel:  (919) 862-2200

Max Rubinson                               *Attorneys for Plaintiffs Delcor Asset*
ALSTON & BIRD LLP                          *Corporation and Mylan Pharmaceuticals Inc.*
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424
Tel:  (404) 881-7000

Dated:  March 26, 2018
5710975 / 44937

9